Luke Edward DAVIS *v.* STATE of Arkansas

CR 79-105                  585 S.W. 2d 956

Opinion delivered September 17, 1979
(Division I)

*John W. Achor*, Public Defender, by: *Howard W. Koopman*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Luke Edward Davis was convicted by a jury in the Pulaski County Circuit Court of aggravated robbery and sentenced as an habitual criminal to 30 years' imprisonment.

On appeal he alleges one error: The trial court improperly admitted as evidence certain pre-trial statements made by Davis.

David Stockston was delivering cigarettes to vending machines at the East End Cafe in North Little Rock, Arkansas on September 26, 1978. He testified that as he was leaving, two men, one of whom had a gun, robbed him of his money bag. He identified Davis as one of the men.

Two North Little Rock policemen arrested Davis without a warrant at the East End Cafe about 1:30 p.m. on the 9th of October. They took Davis to the police station and, as they were taking him inside, saw Stockton, the victim,

seated at the desk. Davis immediately said, "This is the man that thinks I robbed him," walked over to Stockton and added, "Tell them I didn't rob you." The exact words varied according to the testimony of the officers and Stockton, but essentially the testimony was the same. Davis argues that these statements should have been excluded as evidence because they occurred during a "critical stage" of the legal proceedings when Davis was without legal counsel.

Davis cites as controlling the case of *U.S.* v. *Wade*, 388 U.S. 218 (1967). We disagree that the *Wade* case, or any other decisions, required the exclusion of the statements. First, there is no evidence that there was a line-up as there was in *Wade;* in fact, the appellant concedes that there is no evidence that the police intended for there to be a confrontation between the victim and the accused as it occurred. Stockton said he was asked to come to the station to sign a warrant. Next, Davis had been warned of his rights as required by *Miranda* v. *Arizona*, 384 U.S. 436 (1966).

The statements were simply spontaneous, and in the absence of any evidence of impropriety of the part of the police, they were properly admitted.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.